UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2021 SEP 27 PM 4:31

UNITED STATES OF AMERICA

v.

DAVID SCARPELLI

CASE NO. 8:21 cr 323 CEH-AEP
21 U.S.C. § 331(d)
21 U.S.C. § 355
21 U.S.C. § 333(a)(2)

**INFORMATION**

**COUNT ONE**
**(Introduction of unapproved drugs into interstate commerce)**

The United States Attorney charges:

A. **Introduction**

At all times material to this Information:

1. David Scarpelli ("Scarpelli") was a resident of the Middle District of Florida, and United States citizen.

2. Scarpelli owned and operated a company named Agricon Lab Supply and used this business to sell products that were unapproved by the Food and Drug Administration ("FDA"). The business was in the Middle District of Florida.

3. The FDA regulates the manufacture, distribution, and marketing of all drugs shipped or received in interstate commerce through enforcement of the Federal Food, Drug, and Cosmetic Act ("FDCA"). The requirements of the FDCA, in part,

are meant to ensure that drugs sold for human use are safe and effective and bear labeling that contains accurate and adequate information.

4. The FDCA defined a "drug" in relevant part, as (1) any article intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or other animal; (2) any article (other than food) intended to affect the structure or any function of the body; or (3) any article used as a component of either. Whether an article is a drug is determined by its intended use, which is defined as "the objective intent of persons legally responsible for the labeling of drugs." The intent is determined by "such person's expressions or may be shown by the circumstances surrounding the distribution of the article." Such intent may be shown by labeling claims, advertising matter, or oral or written statements by such persons or their representatives.

5. Some drugs are "new drugs," which are defined as any drugs the composition of which are not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in their labeling. It is a prohibited act for any person to introduce or deliver for introduction or to cause the introduction into interstate commerce any new drug unless it has been the subject of a new drug application approved by FDA.

6. Selective Androgen Receptor Modulators ("SARMS") are synthetic chemicals designed to mimic the effects of testosterone and other anabolic steroids.

Products containing SARMS are often marketed and sold for body-building purposes, i.e. to increase muscle mass.

7. The FDA has not approved any SARMS for use in humans. Thus, all SARMS are "new drugs" under the FDCA. FDA issued a public safety alert in 2017 warning consumers about ingesting products containing SARMS because these products had been linked to life-threatening reactions, including liver toxicity, and that these products have the potential to increase the risk of heart attack and stroke.

8. The drug Ostarine is one such SARM.

9. Beginning on August 9, 2018, continuing through October 29, 2019, Scarpelli marketed and sold unapproved drugs that were introduced and delivered into interstate commerce. These drugs and drug components included, but were not limited to sildenafil, tadalafil, tamoxifen, clomiphene, clenbuterol, anastrozole HGH (human growth hormone) and Ostarine (MK-2866).

## B. The Charge

10. On or about August 9, 2018, and continuing through on or about October 29, 2019, in the Middle District of Florida and elsewhere, the defendant,

DAVID SCARPELLI,

knowingly and intentionally with the intent to defraud and mislead, introduced, delivered for introduction, and caused the introduction or delivery for introduction

into interstate commerce quantities of new drugs, which the FDA had not approved for distribution in the United States.

In violation of 21 U.S.C. §§ 331(d), 355, and 333(a)(2).

## FORFEITURE

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 334 and 28 U.S.C. § 2461.

2. Upon a conviction for any and all of the violations alleged in Count One, the defendant,

DAVID SCARPELLI,

shall forfeit to the United States, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461, any new drug that had not been approved by the FDA when introduced into interstate commerce, as well as any drug that was misbranded when introduced into interstate commerce.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or,

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. §2461.

        KARIN HOPPMANN
        Acting United States Attorney

By: _____
    John Cannizzaro
    Assistant United States Attorney

By: _____
    Jay G. Trezevant
    Assistant United States Attorney
    Chief, Economic Crimes Section

5